E-FILED
Saturday, 10 April, 2021  02:12:47 PM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION**

| | |
|---|---|
| SANELA KARIC, as Independent Administrator of the Estate of SANEL PILIPOVIC, deceased | |
| Plaintiff, | |
| v. | No.: 20-cv-4228 |
| GERALD BUSTOS, as Sheriff of Rock Island County, MEND CORRECTIONAL CARE, PLLC, MELISSA FLETCHER, R.N., STEPHANIE PAXTON, R.N., ROSI MONZON, R.N. and ELIZABETH HAACK, R.N. | |
| Defendants. | |

**SECOND AMENDED COMPLAINT**

NOW COMES, SANELA KARIC, as Independent Administrator of the Estate of SANEL PILIPOVIC, deceased, by and through DUNCAN LAW GROUP, LLC, her attorneys, and for her Second Amended Complaint, she states the following:

**INTRODUCTION**

1. Beginning on or about November 3, 2019, Decedent, SANEL PILIPOVIC, was being held at the Rock Island County Jail, as a pre-trial detainee.

2. Defendants, GERALD BUSTOS, as Sheriff, and MEND CORRECTIONAL CARE, PLLC, acting by and through their agents and/or employees, knew or should have known that Decedent, SANEL PILIPOVIC, was at risk of serious alcohol withdrawal.

3. On or about November 5, 2019, Decedent, SANEL PILIPOVIC, experienced a serious head injury through inmate attack or otherwise.

4.      On or about November 7, 2019, Decedent, SANEL PILIPOVIC, was found non-responsive at the Rock Island County Jail, resulting in a transfer to a hospital in the County of Rock Island, State of Illinois.

5.      There, doctors identified brain hemorrhages.

6.      On November 8, 2019, SANEL PILIPOVIC died at the aforesaid hospital.

7.      Plaintiff, SANELA KARIC, files this suit as a representative of SANEL PILIPOVIC's estate, seeking redress for his death and seeking claims under 42 U.S.C. §1983, the Fourteenth Amendment of the U.S. Constitution, and state law claims, including the Illinois *Wrongful Death Act* and Illinois *Survival Act*.

## PARTIES

8.      Decedent, SANEL PILIPOVIC, died on November 8, 2019.

9.      Plaintiff, SANELA KARIC, is the duly appointed Independent Administrator of the Estate of SANEL PILIPOVIC, deceased.

10.     Plaintiff, SANELA KARIC, is a resident of the City of Moline, County of Rock Island, State of Illinois.

11.     At all times relevant herein, Defendant, GERALD BUSTOS, was the Sheriff of the County of Rock Island, and in that capacity, he managed and oversaw the aforesaid county jail and its agents/employees.

12.     At all times relevant herein, Defendant, MEND CORRECTIONAL CARE, PLLC, managed and/or provided the medical services at the Rock Island County Jail.

13.     At all times relevant herein, Defendants, MELISSA FLETCHER, R.N., STEPHANIE PAXTON, R.N., ROSI MONZON, R.N., and ELIZABETH HAACK, R.N., were agents and/or employees of MEND CORRECTIONAL CARE, PLLC.

## JURISDICTION

14.     This action arose under the protections afforded under the U.S. Constitution, the laws of the United States, and the laws of the State of Illinois.

15.     The jurisdiction of this Court is invoked under 28 U.S.C. §§ 1331 and 1343. Plaintiff also invokes the supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

16.     Venue is proper in the United States District Court for the Central District of Illinois under 28 U.S.C. § 1391(b)(2), as the events described herein occurred within this district.

## FACTS

17.     On or about November 3, 2019, Decedent, SANEL PILIPOVIC, became a pre-trial detainee at the Rock Island County Jail.

18.     Defendant, GERALD BUSTOS, as Sheriff, placed Decedent, SANEL PILIPOVIC, in an area or cell where he was at risk of attack by other inmates who had known violent and/or aggressive propensities.

19.     At all times relevant herein, Decedent, SANEL PILIPOVIC, was an alcoholic, at risk of serious withdrawals, including delirium tremens.

20.     Defendants, GERALD BUSTOS, as Sheriff, and MEND CORRECTIONAL CARE, PLLC, acting by and through their agents and/or employees, knew or should have known that Decedent, SANEL PILIPOVIC, was at risk of alcohol withdrawals, including delirium tremens, and the complications from same, including brain hemorrhages.

21.     On or about November 3, 2019, Defendant, MEND CORRECTIONAL CARE, PLLC, acting by and through its actual agent and/or employee, MELISSA FLETCHER, R.N., performed a mental health examination of Decedent, SANEL PILIPOVIC.

3

22.     On or about November 4, 2019, Defendant, MEND CORRECTIONAL CARE, PLLC, acting by and through its actual agent and/or employee, STEPHANIE PAXTON, R.N., assessed Decedent, SANEL PILIPOVIC, for chemical withdrawals, including alcohol.

23.     On November 4, 2019, Decedent, SANEL PILIPOVIC, exhibited signs and symptoms of alcohol withdrawal, including having tremors, being delusional, sweating, and having difficulty sleeping.

24.     On or about November 5, 2019, Defendant, MEND CORRECTIONAL CARE, PLLC, acting by and through its actual and/or agent and/or employee, ELIZABETH HAACK, R.N., assessed Decedent, SANEL PILIPOVIC, for chemical withdrawals, including alcohol.

25.     On November 5, 2019, Decedent, SANEL PILIPOVIC, exhibited signs and symptoms of alcohol withdrawal, including having tremors, being delusional, sweating, and having difficulty sleeping.

26.     On or about November 5, 2019, Decedent, SANEL PILIPOVIC, experienced a serious head injury through inmate attack or otherwise.

27.     On or about November 6, 2019, Defendant, MEND CORRECTIONAL CARE, PLLC, acting by and through its actual and/or agent and/or employee, ROSI MONZON, R.N., assessed Decedent, SANEL PILIPOVIC, for chemical withdrawals, including alcohol.

28.     On November 6, 2019, Decedent, SANEL PILIPOVIC, exhibited signs and symptoms of alcohol withdrawal, including having tremors, being delusional, sweating, and having difficulty sleeping.

29.     On or about November 7, 2019, Decedent, SANEL PILIPOVIC, was found nonresponsive in his cell and he died on November 8, 2019.

30. Defendant, GERALD BUSTOS, as sheriff, acting through himself and his agents/employees, knew or should have known about the aforesaid events and head injury.

31. Decedent, SANEL PILIPOVIC's alcoholism, the risk of delirium tremens, and the associated complications were serious medical conditions that needed physician attention and medical treatment.

32. Decedent, SANEL PILIPOVIC's head injury was a serious medical condition.

33. Defendant, GERALD BUSTOS, as Sheriff, failed to protect Decedent, SANEL PILIPOVIC, from attack while confined to the county jail resulting in head injuries that were a cause of his death.

34. Defendants, GERALD BUSTOS, as Sheriff, and MEND CORRECTIONAL CARE, PLLC, acting by and through their employees, failed to provide proper medical care to Decedent, SANEL PILIPOVIC, and thus acted unreasonably to his medical needs, including alcoholism, the risk of delirium tremens, and associated complications, all of which were serious medical conditions and a cause of his death.

35. Defendant, GERALD BUSTOS, as Sheriff, failed to provide proper medical care to Decedent, SANEL PILIPOVIC, and thus acted unreasonably to his medical needs, including his head injury from inmate attack or otherwise, which was a serious medical condition and a cause of his death.

## CLAIMS

### COUNT I
*42 U.S.C. § 1983*
*Sheriff Gerald Bustos*

36. Plaintiff incorporates all paragraphs of this Complaint as though fully set forth herein.

37.     At all times relevant herein, Defendant, GERALD BUSTOS, as Sheriff of Rock Island County, had a duty to protect Decedent, SANEL PILIPOVIC, a pretrial detainee, from attacks by other inmates.

38.     Decedent, SANEL PILIPOVIC, was placed in a cell or other area where he was at risk of attack by other inmates, who had known violent and/or aggressive propensities.

39.     Defendant, GERALD BUSTOS, knew or should have known that Decedent, SANEL PILIPOVIC, was at risk of being attacked while housed and/or placed near inmates who had known violent and/or aggressive propensities.

40.     On or about November 5, 2019, Decedent, SANEL PILIPOVIC, was brutally attacked by an inmate who had known violent and/or aggressive propensities, and he sustained a serious head injury, which was a cause of his death on November 8, 2019.

41.     Defendant, GERALD BUSTOS, failed to take appropriate steps to monitor, supervise, and/or protect SANEL PILIPOVIC from attack, including placing him in a cell or area where he was free from risk of attack, which was objectively unreasonable and in violation of his rights under the Fourteenth Amendment to the United States Constitution.

42.     As a result of that unreasonable conduct, Decedent, SANEL PILIPOVIC, experienced pain and suffering and died.

WHEREFORE, Plaintiff, SANELA KARIC, as Independent Administrator of the Estate of SANEL PILIPOVIC, deceased, prays for judgment against Defendant, GERALD BUSTOS, and an award of compensatory damages, punitive damages, attorneys' fees, costs, and any other relief the Court deems just and appropriate.

<u>COUNT II</u>
*42 U.S.C. § 1983*
*Sheriff Gerald Bustos*

6

43.     Plaintiff incorporates all paragraphs of this Complaint as though fully set forth herein.

44.     At all times relevant herein, Defendant, GERALD BUSTOS, as Sheriff of Rock Island County, had a duty to act reasonably in providing medical care to Decedent, SANEL PILIPOVIC, a pretrial detainee at the Rock Island County jail.

45.     On or about November 5, 2019, Decedent, SANEL PILIPOVIC, experienced a serious head injury through inmate attack or otherwise.

46.     Defendant, GERALD BUSTOS, knew or should have known of the aforesaid head injury, the seriousness of same, and the need for medical attention.

47.     Defendant, GERALD BUSTOS, failed to provide adequate medical care to address Decedent, SANEL PILIPOVIC's head injuries, which was objectively unreasonable and in violation of his rights under the Fourteenth Amendment to the United States Constitution.

48.     As a result of that unreasonable conduct, Decedent, SANEL PILIPOVIC, experienced pain and suffering and died on November 8, 2019.

WHEREFORE, Plaintiff, SANELA KARIC, as Independent Administrator of the Estate of SANEL PILIPOVIC, deceased, prays for judgment against Defendant, GERALD BUSTOS, and an award of compensatory damages, punitive damages, attorneys' fees, costs, and any other relief the Court deems just and appropriate.


## COUNT III
*42 U.S.C. § 1983*
*Sheriff Gerald Bustos*

49.     Plaintiff incorporates all paragraphs of this Complaint as though fully set forth herein.

50.     Defendant, GERALD BUSTOS, as Sheriff of Rock Island County, had a duty to act reasonably in providing medical care to Decedent, SANEL PILIPOVIC, a pretrial detainee.

51.     At all times relevant herein, Decedent, SANEL PILIPOVIC, was an alcoholic and at risk of delirium tremens.

52.     Defendant, GERALD BUSTOS, knew or should have known that Decedent, SANEL PILIPOVIC, was at risk of delirium tremens and the complications from same, including stroke.

53.     Decedent, SANEL PILIPOVIC's alcoholism, the risk of delirium tremens, and the associated complications were serious medical conditions.

54.     Defendant, GERALD BUSTOS, failed to provide adequate medical care to address SANEL PILIPOVIC's alcoholism, the risk of delirium tremens, and the associated complications, which was objectively unreasonable and in violation of his rights under the Fourteenth Amendment to the United States Constitution.

55.     As a result of that unreasonable conduct, Decedent, SANEL PILIPOVIC, experienced pain and suffering and died on November 8, 2019.

WHEREFORE, Plaintiff, SANELA KARIC, as Independent Administrator of the Estate of SANEL PILIPOVIC, deceased, prays for judgment against Defendant, GERALD BUSTOS, and for an award of compensatory damages, punitive damages, attorneys' fees, costs, and any other relief the Court deems just and appropriate.

## COUNT IV
### 42 U.S.C. § 1983
### Monell claim against Sheriff Gerald Bustos

56.     Plaintiff incorporates all paragraphs of this Complaint as though fully set forth herein.

57.     At all times relevant herein, a sheriff in any county in Illinois, including Defendant, GERALD BUSTOS, had policy-making authority and oversight over a county jail's operation.

58.     As detailed above, Decedent, SANEL PILIPOVIC's constitutional rights were violated when an Defendant, GERALD BUSTOS, was objectively unreasonable and/or deliberately indifferent in 1) providing medical care to Decedent, SANEL PILIPOVIC, for his serious medical needs, including alcoholism and head injury and 2) protecting Decedent, SANEL PILIPOVIC from attack by other inmates.

59.     The violations of Decedent, SANEL PILIPOVIC's rights were caused, in part, by the customs, policies, and widespread practices of Defendant GERALD BUSTOS, as Sheriff of Rock Island County, which resulted in the failure to provide adequate medical care and protect inmates from attack at the Rock Island County Jail.

60.     These widespread or "de facto" policies included: (1) fostering an atmosphere where correctional officers and medical staff were permitted to disregard inmates who complained that they were injured or needing medical attention; (2) failing to supervise and monitor that jail workers addressed serious health issues and safety risks appropriately; (3) failing to provide adequate training to correctional officers to recognize serious medical needs, adequate medical care, and protection of inmates from attack; and (4) failing to ensure that there would be a prompt response to all inmate requests for medical attention and to all inmate altercations.

61.     Defendant, GERALD BUSTOS, knew or should have known that failing to provide adequate and timely medical treatment to inmates experiencing serious and life-

threatening medical needs and failing to protect inmates from attack violated Decedent, SANEL PILIPOVIC's constitutional rights.

62.     As a direct and proximate result of those policies, Decedent, SANEL PILIPOVIC, failed to receive proper medical attention for his serious medical needs, experienced a brutal attack at the prison, experienced severe pain and suffering and ultimately died, and his estate incurred funeral and burial expenses.

WHEREFORE, Plaintiff, SANELA KARIC, as Independent Administrator of Decedent, SANEL PILIPOVIC, prays for judgment against Defendant, GERALD BUSTOS, and an award of compensatory damages, punitive damages, attorneys' fees, costs, and any other relief the Court deems just and appropriate.

<u>COUNT V</u>
*Illinois Wrongful Death*
*Sheriff Gerald Bustos*
*Respondeat Superior*

63.     Plaintiff incorporates all paragraphs of this Complaint as though fully set forth herein.

64.     At all times relevant herein, Defendant, GERALD BUSTOS, as Sheriff, acting by and through himself and his actual and/or apparent agents and/or employees, including but not limited to deputies, jail officers, jail nurses, and other jail personnel, owed a duty to inmates, like Decedent, SANEL PILIPOVIC, to act in a reasonable manner in 1) protecting inmates from attack by other inmates and 2) providing medical care to inmates for serious medical needs.

65.     Notwithstanding the aforesaid duty, Defendant, GERALD BUSTOS, as Sheriff, acting by and through himself and his actual and/or apparent agents and/or employees, including

but not limited to deputies, jail officers, jail nurses, and other jail personnel, committed one or

more or a combination of all of the following negligent acts or omissions:

    a.   failed to protect SANEL PILIPOVIC from attacks by other inmates;

    b.   failed to keep SANEL PILIPOVIC away from inmates with violent propensities;

    c.   failed to provide adequate medical care for SANEL PILIPOVIC's serious medical needs, including alcoholism, delirium tremens, and the associated risks of same;

    d.   failed to provide adequate medical care for SANEL PILIPOVIC's serious medical needs, including his head injuries;

    e.   failed to provide adequate medical care to SANEL PILIPOVIC after his request for same; and

    f.   failed to properly monitor SANEL PILIPOVIC's medical conditions, including alcoholism, delirium tremens, and head injuries.

66.    As a direct and proximate result, Decedent, SANEL PILIPOVIC, experienced a head injury on November 5, 2019, became nonresponsive from same at the Rock Island County jail on November 7, 2019, and died on November 8, 2019.

67.    The aforesaid failures rose to the level of willful and/or wanton misconduct.

68.    SANEL PILIPOVIC left surviving him, as his next of kin, his parents and his siblings.

69.    By reason of SANEL PILIPOVIC's death, his next of kin have suffered and been deprived of the society, love, affection, companionship, and support of SANEL PILIPOVIC.

70.    This action and the damages sought by the Plaintiff are authorized by and brought pursuant the Illinois *Wrongful Death Act*, 740 ILCS 180/0.01-180/2.2.

71.    Plaintiff, SANELA KARIC, as Independent Administrator the Estate of SANEL PILIPOVIC, deceased, brings this action for the use and benefit of the next of kin of SANEL PILIPOVIC.

Wherefore, Plaintiff, SANELA KARIC, as Independent Administrator the Estate of SANEL PILIPOVIC, deceased, prays that this Honorable Court enters a judgment against Defendant, GERALD BUSTOS, as Sheriff of Rock Island County, for a substantial monetary amount, plus the cost of this lawsuit, and grants such other, further, and different relief as this Court deems equitable and just under the circumstances.

**COUNT VI**
*Illinois Survival Claim*
*Sheriff Gerald Bustos*
*Respondeat Superior*

72.     Plaintiff incorporates all paragraphs of this Complaint as though fully set forth herein.

73.     At all times relevant herein, Defendant, GERALD BUSTOS, as Sheriff, acting by and through himself and his actual and/or apparent agents and/or employees, including but not limited to deputies, jail officers, jail nurses, and other jail personnel, owed a duty to inmates, like Decedent, SANEL PILIPOVIC, to act in a reasonable manner in 1) protecting inmates from attack by other inmates and 2) providing medical care to inmates for serious medical needs.

74.     Notwithstanding the aforesaid duty, Defendant, GERALD BUSTOS, as Sheriff, acting by and through himself and his actual and/or apparent agents and/or employees, including but not limited to deputies, jail officers, jail nurses, and other jail personnel, committed one or more or a combination of all of the following negligent acts or omissions:

    a.   failed to protect SANEL PILIPOVIC from attacks by other inmates;

    b.   failed to keep SANEL PILIPOVIC away from inmates with violent propensities;

    c.   failed to provide adequate medical care for SANEL PILIPOVIC's serious medical needs, including alcoholism, delirium tremens, and the associated risks of same;

    d.   failed to provide adequate medical care for SANEL

12

PILIPOVIC's serious medical needs, including his head injuries;

e.  failed to provide adequate medical care to SANEL PILIPOVIC after his request for same; and

f.  failed to properly monitor SANEL PILIPOVIC's medical conditions, including alcoholism, delirium tremens, and head injuries.

75.   The aforesaid failures rose to the level of willful and/or wanton misconduct.

76.   As a direct and proximate result, Defendant, GERALD BUSTOS, as Sheriff, acting by and through himself and his actual and/or apparent agents and/or employees, including but not limited to deputies, jail officers, jail nurses, and other jail personnel, failed to prevent SANEL PILIPOVIC's head injury on November 5, 2019, failed to provide proper medical care for his alcoholism, and failed to provide proper medical care for his head injury, causing him to become nonresponsive at the Rock Island County jail on November 7, 2019 and causing him to die on November 8, 2019.

77.   As a direct and proximate result, Decedent, SANEL PILIPOVIC, suffered substantial pain and discomfort prior to his death, incurred medical expenses prior to his death, lost a normal life prior to his death, lost wages prior to his death, and experienced disfigurement prior to his death.

78.   This action, including the damages sought by the Plaintiff, is authorized by the Illinois Survival Act, 755 ILCS 5/27-6.

Wherefore, Plaintiff, SANELA KARIC, as Independent Administrator the Estate of SANEL PILIPOVIC, deceased, prays that this Honorable Court enters a judgment against the Defendant, GERALD BUSTOS, as Sheriff of Rock Island County, in a substantial sum, plus the cost of this lawsuit, to fairly and justly compensate the Estate of SANEL PILIPOVIC for the injuries and damages sustained by SANEL PILIPOVIC.

<u>COUNT VII</u>
*Illinois Wrongful Death*
*Mend Correctional Care, PLLC*
*Respondeat Superior*

79.     Plaintiff incorporates all paragraphs of this Complaint as though fully set forth herein.

80.     At all times relevant herein, Defendant, MEND CORRECTIONAL CARE, PLLC, acting by and through its actual and/or apparent agents and/or employees, including but not limited to MELISSA FLETCHER, R.N., STEPHANIE PAXTON, R.N., ROSI MONZON, R.N., and ELIZABETH HAACK, R.N., owed a duty to inmates, like Decedent, SANEL PILIPOVIC, to act in a reasonably careful manner in providing medical care to inmates.

81.     Defendant, MEND CORRECTIONAL CARE, PLLC, acting by and through its actual and/or apparent agents and/or employees, including but not limited to MELISSA FLETCHER, R.N., STEPHANIE PAXTON, R.N., ELIZABETH HAACK, R.N. and ROSI MONZON, R.N., breached that duty in one of the following ways:

   a. Failed to offer front loading therapy for SANEL PILIPOVIC's alcohol dependency and his history or risk of withdrawals;
   b. Failed to administer front loading therapy for SANEL PILIPOVIC's alcohol dependency and his history or risk of withdrawals;
   c. Failed to assess whether SANEL PILIPOVIC was at risk of experiencing severe withdrawals;
   d. Failed to contact a physician after SANEL PILIPOVIC exhibited signs and symptoms of alcohol withdrawal on November 4, 2019;
   e. Failed to properly assess SANEL PILIPOVIC's alcohol withdrawal symptoms on November 4, 2019;
   f. Failed to contact a physician after SANEL PILIPOVIC exhibited signs and symptoms of alcohol withdrawal on November 5, 2019;
   g. Failed to properly assess SANEL PILIPOVIC's alcohol withdrawal symptoms on November 5, 2019;
   h. Failed to contact a physician after SANEL PILIPOVIC

exhibited signs and symptoms of alcohol withdrawal on
November 6, 2019;

i.  Failed to properly assess SANEL PILIPOVIC's alcohol
withdrawal symptoms on November 6, 2019; or

j.  Failed to properly monitor SANEL PILIPOVIC's medical
conditions, including alcoholism, and risk of withdrawal.

82.     As a direct and proximate result, Decedent, SANEL PILIPOVIC, experienced

alcohol withdrawal and his symptoms went undiagnosed and untreated, resulting in him

becoming nonresponsive on November 7, 2019 and dying on November 8, 2019.

83.     SANEL PILIPOVIC left surviving him, as his next of kin, his parents and his

siblings.

84.     By reason of SANEL PILIPOVIC's death, his next of kin have suffered and been

deprived of the society, love, affection, companionship, and support of SANEL PILIPOVIC.

85.     This action and the damages sought by the Plaintiff are authorized by and brought

pursuant the Illinois *Wrongful Death Act*, 740 ILCS 180/0.01-180/2.2.

86.     Plaintiff, SANELA KARIC, as Independent Administrator the Estate of SANEL

PILIPOVIC, deceased, brings this action for the use and benefit of the next of kin of SANEL

PILIPOVIC.

Wherefore, Plaintiff, SANELA KARIC, as Independent Administrator the Estate of

SANEL PILIPOVIC, deceased, prays that this Honorable Court enters a judgment against

Defendant, MEND CORRECTIONAL CARE, PLLC, for a substantial monetary amount, plus

the cost of this lawsuit, and grants such other, further, and different relief as this Court deems

equitable and just under the circumstances.

<u>COUNT VIII</u>
*Illinois Survival Claim*
*Mend Correctional Care, PLLC*
*Respondeat Superior*

15

87.     Plaintiff incorporates all paragraphs of this Complaint as though fully set forth herein.

88.     At all times relevant herein, Defendant, MEND CORRECTIONAL CARE, PLLC, acting by and through its actual and/or apparent agents and/or employees, including but not limited to MELISSA FLETCHER, R.N., STEPHANIE PAXTON, R.N., ROSI MONZON, R.N., and ELIZABETH HAACK, R.N., owed a duty to inmates, like Decedent, SANEL PILIPOVIC, to act in a reasonably careful manner in providing medical care to inmates.

89.     Defendant, MEND CORRECTIONAL CARE, PLLC, acting by and through its actual and/or apparent agents and/or employees, including but not limited to MELISSA FLETCHER, R.N., STEPHANIE PAXTON, R.N., ELIZABETH HAACK, R.N. and ROSI MONZON, R.N., breached that duty in one of the following ways:

   a. Failed to offer front loading therapy for SANEL PILIPOVIC's alcohol dependency and his history or risk of withdrawals;
   b. Failed to administer front loading therapy for SANEL PILIPOVIC's alcohol dependency and his history or risk of withdrawals;
   c. Failed to assess whether SANEL PILIPOVIC was at risk of experiencing severe withdrawals;
   d. Failed to contact a physician after SANEL PILIPOVIC exhibited signs and symptoms of alcohol withdrawal on November 4, 2019;
   e. Failed to properly assess SANEL PILIPOVIC's alcohol withdrawal symptoms on November 4, 2019;
   f. Failed to contact a physician after SANEL PILIPOVIC exhibited signs and symptoms of alcohol withdrawal on November 5, 2019;
   g. Failed to properly assess SANEL PILIPOVIC's alcohol withdrawal symptoms on November 5, 2019;
   h. Failed to contact a physician after SANEL PILIPOVIC exhibited signs and symptoms of alcohol withdrawal on November 6, 2019;
   i. Failed to properly assess SANEL PILIPOVIC's alcohol withdrawal symptoms on November 6, 2019; or

       j.   Failed to properly monitor SANEL PILIPOVIC's medical
          conditions, including alcoholism, and risk of withdrawal.

90.     As a direct and proximate result, Decedent, SANEL PILIPOVIC, experienced alcohol withdrawal and his symptoms went undiagnosed and untreated, resulting in him becoming nonresponsive on November 7, 2019 and dying on November 8, 2019.

91.     As a direct and proximate result, Decedent, SANEL PILIPOVIC, suffered substantial pain and discomfort prior to his death, incurred medical expenses prior to his death, lost a normal life prior to his death, lost wages prior to his death, and experienced disfigurement prior to his death.

92.     This action, including the damages sought by the Plaintiff, is authorized by the Illinois Survival Act, 755 ILCS 5/27-6.

Wherefore, Plaintiff, SANELA KARIC, as Independent Administrator the Estate of SANEL PILIPOVIC, deceased, prays that this Honorable Court enters a judgment against the Defendant, MEND CORRECTIONAL CARE, PLLC, in a substantial sum, plus the cost of this lawsuit, to fairly and justly compensate the Estate of SANEL PILIPOVIC for the injuries and damages sustained by SANEL PILIPOVIC.

COUNT IX
*Illinois Wrongful Death*
*Mend Correctional Care, PLLC*
*Institutional Negligence*

93.     Plaintiff incorporates all paragraphs of this Complaint as though fully set forth herein.

94.     At all times relevant herein, Defendant, MEND CORRECTIONAL CARE, PLLC, as an institution, owed a duty to inmates, like Decedent, SANEL PILIPOVIC, to act in a reasonably careful manner in providing medical care to inmates.

95.     Defendant, Defendant, MEND CORRECTIONAL CARE, PLLC, as an

institution, breached that duty in one or more of the following ways:

      a.   Failed to offer front loading therapy for SANEL PILIPOVIC's
          alcohol dependency and withdrawals;
      b.   Failed to administer front loading therapy for SANEL
          PILIPOVIC's alcohol dependency and withdrawals;
      c.   Failed to offer proper assessment tools to determine whether
          SANEL PILIPOVIC was at risk of experiencing severe
          withdrawals;
      d.   Failed to train nurses how to identify inmates who are at risk of
          experiencing severe withdrawals;
      e.   Failed to train nurses when to contact a physician when a
          inmate is exhibiting signs or symptoms of alcohol withdrawals;
      f.   Failed to have policies, practices, and protocols when to
          contact a physician when an inmate is exhibiting signs or
          symptoms of alcohol withdrawals;
      g.   Failed to train nurses how to properly assess an inmate's
          symptoms, including alcohol withdrawal;
      h.   Failed to train nurses how to correctly complete forms meant to
          determine when a physician should be contacted for patients
          with alcohol withdrawal symptoms; or
      i.   failed to have policies, practices or protocols on how to
          properly monitor inmates' medical conditions, including
          alcoholism, and risk of withdrawal.

96.     As a direct and proximate result, Decedent, SANEL PILIPOVIC, experienced

alcohol withdrawal and his symptoms went undiagnosed and untreated, resulting in him

becoming nonresponsive on November 7, 2019 and dying on November 8, 2019.

97.     SANEL PILIPOVIC left surviving him, as his next of kin, his parents and his

siblings.

98.     By reason of SANEL PILIPOVIC's death, his next of kin have suffered and been

deprived of the society, love, affection, companionship, and support of SANEL PILIPOVIC.

99.     This action and the damages sought by the Plaintiff are authorized by and brought

pursuant the Illinois *Wrongful Death Act*, 740 ILCS 180/0.01-180/2.2.

100.    Plaintiff, SANELA KARIC, as Independent Administrator the Estate of SANEL PILIPOVIC, deceased, brings this action for the use and benefit of the next of kin of SANEL PILIPOVIC.

Wherefore, Plaintiff, SANELA KARIC, as Independent Administrator the Estate of SANEL PILIPOVIC, deceased, prays that this Honorable Court enters a judgment against Defendant, MEND CORRECTIONAL CARE, PLLC, for a substantial monetary amount, plus the cost of this lawsuit, and grants such other, further, and different relief as this Court deems equitable and just under the circumstances.

COUNT X
*Illinois Survival Claim*
*Mend Correctional Care, PLLC*
*Institutional Negligence*

101.    Plaintiff incorporates all paragraphs of this Complaint as though fully set forth herein.

102.    At all times relevant herein, Defendant, MEND CORRECTIONAL CARE, PLLC, as an institution, owed a duty to inmates, like Decedent, SANEL PILIPOVIC, to act in a reasonably careful manner in providing medical care to inmates.

103.    Defendant, Defendant, MEND CORRECTIONAL CARE, PLLC, as an institution, breached that duty in one or more of the following ways:

    a.  Failed to offer front loading therapy for SANEL PILIPOVIC's alcohol dependency and withdrawals;
    b.  Failed to administer front loading therapy for SANEL PILIPOVIC's alcohol dependency and withdrawals;
    c.  Failed to offer proper assessment tools to determine whether Sanel Pilipovic was at risk of experiencing severe withdrawals;
    d.  Failed to train nurses how to identify inmates who are at risk of experiencing severe withdrawals;
    e.  Failed to train nurses when to contact a physician when a

19

inmate is exhibiting signs or symptoms of alcohol withdrawals;

f.  Failed to have policies, practices, and protocols when to
    contact a physician when an inmate is exhibiting signs or
    symptoms of alcohol withdrawals;

g.  Failed to train nurses how to properly assess an inmate's
    symptoms, including alcohol withdrawal;

h.  Failed to train nurses how to correctly complete forms meant to
    determine when a physician should be contacted for patients
    with alcohol withdrawal symptoms; or

i.  failed to have policies, practices or protocols on how to
    properly monitor inmates' medical conditions, including
    alcoholism, and risk of withdrawal.

104.    As a direct and proximate result, Decedent, SANEL PILIPOVIC, experienced

alcohol withdrawal and his symptoms went undiagnosed and untreated, resulting in him

becoming nonresponsive on November 7, 2019 and dying on November 8, 2019.

105.    As a direct and proximate result, Decedent, SANEL PILIPOVIC, suffered

substantial pain and discomfort prior to his death, incurred medical expenses prior to his death,

lost a normal life prior to his death, lost wages prior to his death, and experienced disfigurement

prior to his death.

106.    This action, including the damages sought by the Plaintiff, is authorized by the

Illinois Survival Act, 755 ILCS 5/27-6.

Wherefore, Plaintiff, SANELA KARIC, as Independent Administrator the Estate of

SANEL PILIPOVIC, deceased, prays that this Honorable Court enters a judgment against the

Defendant, MEND CORRECTIONAL CARE, PLLC, in a substantial sum, plus the cost of this

lawsuit, to fairly and justly compensate the Estate of SANEL PILIPOVIC for the injuries and

damages sustained by SANEL PILIPOVIC.

<u>COUNT XI</u>
*Illinois Wrongful Death*
*Melissa Fletcher, RN*

107.    Plaintiff incorporates all paragraphs of this Complaint as though fully set forth herein.

108.    At all times relevant herein, Defendant, MELISSA FLETCHER, R.N., owed a duty to inmates, like Decedent, SANEL PILIPOVIC, to act in a reasonably careful manner in providing medical care.

109.    Defendant, MELISSA FLETCHER, R.N., breached that duty in one or more of the following ways:

   a.  Failed to offer front loading therapy for SANEL PILIPOVIC's alcohol dependency and his history or risk of withdrawals;
   b.  Failed to assess whether SANEL PILIPOVIC was at risk of experiencing severe withdrawals;
   c.  Failed to contact a physician regarding SANEL PILIPOVIC's alcohol dependency and history or risk of withdrawals;
   d.  Failed to properly assess SANEL PILIPOVIC's alcohol withdrawal symptoms;
   e.  Failed to contact a physician regarding SANEL PILIPOVIC's signs and symptoms of alcohol withdrawals; or
   f.  Failed to properly monitor SANEL PILIPOVIC's medical conditions, including alcoholism, and risk of withdrawal.

110.    As a direct and proximate result, Decedent, SANEL PILIPOVIC, experienced alcohol withdrawal and his symptoms went undiagnosed and untreated, resulting in him becoming nonresponsive on November 7, 2019 and dying on November 8, 2019.

111.    SANEL PILIPOVIC left surviving him, as his next of kin, his parents and his siblings.

112.    By reason of SANEL PILIPOVIC's death, his next of kin have suffered and been deprived of the society, love, affection, companionship, and support of SANEL PILIPOVIC.

113.    This action and the damages sought by the Plaintiff are authorized by and brought pursuant the Illinois *Wrongful Death Act*, 740 ILCS 180/0.01-180/2.2.

114.     Plaintiff, SANELA KARIC, as Independent Administrator the Estate of SANEL PILIPOVIC, deceased, brings this action for the use and benefit of the next of kin of SANEL PILIPOVIC.

Wherefore, Plaintiff, SANELA KARIC, as Independent Administrator the Estate of SANEL PILIPOVIC, deceased, prays that this Honorable Court enters a judgment against Defendant, MELISSA FLETCHER, R.N., for a substantial monetary amount, plus the cost of this lawsuit, and grants such other, further, and different relief as this Court deems equitable and just under the circumstances.

## COUNT XII
*Illinois Survival Claim*
*Melissa Fletcher, RN*

115.     Plaintiff incorporates all paragraphs of this Complaint as though fully set forth herein.

116.     At all times relevant herein, Defendant, MELISSA FLETCHER, R.N., owed a duty to inmates, like Decedent, SANEL PILIPOVIC, to act in a reasonably careful manner in providing medical care.

117.     Defendant, MELISSA FLETCHER, R.N., breached that duty in one or more of the following ways:

    a.  Failed to offer front loading therapy for SANEL PILIPOVIC's alcohol dependency and his history or risk of withdrawals;
    b.  Failed to assess whether SANEL PILIPOVIC was at risk of experiencing severe withdrawals;
    c.  Failed to contact a physician regarding SANEL PILIPOVIC's alcohol dependency and history or risk of withdrawals;
    d.  Failed to properly assess SANEL PILIPOVIC's alcohol withdrawal symptoms;
    e.  Failed to contact a physician regarding SANEL PILIPOVIC's signs and symptoms of alcohol withdrawals; or
    f.  Failed to properly monitor SANEL PILIPOVIC's medical

22

conditions, including alcoholism, and risk of withdrawal.

118.    As a direct and proximate result, Decedent, SANEL PILIPOVIC, experienced alcohol withdrawal and his symptoms went undiagnosed and untreated, resulting in him becoming nonresponsive on November 7, 2019 and dying on November 8, 2019.

119.    As a direct and proximate result, Decedent, SANEL PILIPOVIC, suffered substantial pain and discomfort prior to his death, incurred medical expenses prior to his death, lost a normal life prior to his death, lost wages prior to his death, and experienced disfigurement prior to his death.

120.    This action, including the damages sought by the Plaintiff, is authorized by the Illinois Survival Act, 755 ILCS 5/27-6.

Wherefore, Plaintiff, SANELA KARIC, as Independent Administrator the Estate of SANEL PILIPOVIC, deceased, prays that this Honorable Court enters a judgment against the Defendant, MELISSA FLETCHER, R.N., in a substantial sum, plus the cost of this lawsuit, to fairly and justly compensate the Estate of SANEL PILIPOVIC for the injuries and damages sustained by SANEL PILIPOVIC.

<u>COUNT XIII</u>
*Illinois Wrongful Death*
*Stephanie Paxton, RN*

121.    Plaintiff incorporates all paragraphs of this Complaint as though fully set forth herein.

122.    At all times relevant herein, Defendant, STEPHANIE PAXTON, R.N., owed a duty to inmates, like Decedent, SANEL PILIPOVIC, to act in a reasonably careful manner in providing medical care.

23

123.     Defendant, STEPHANIE PAXTON, R.N., breached that duty in one or more of the following ways:

    a.  Failed to offer front loading therapy for SANEL PILIPOVIC's alcohol dependency and his history or risk of withdrawals;
    b.  Failed to assess whether SANEL PILIPOVIC was at risk of experiencing severe withdrawals;
    c.  Failed to contact a physician regarding SANEL PILIPOVIC's alcohol dependency and history or risk of withdrawals;
    d.  Failed to properly assess SANEL PILIPOVIC's alcohol withdrawal symptoms;
    e.  Failed to contact a physician regarding SANEL PILIPOVIC's signs and symptoms of alcohol withdrawals; or
    f.  Failed to properly monitor SANEL PILIPOVIC's medical conditions, including alcoholism, and risk of withdrawal.

124.     As a direct and proximate result, Decedent, SANEL PILIPOVIC, experienced alcohol withdrawal and his symptoms went undiagnosed and untreated, resulting in him becoming nonresponsive on November 7, 2019 and dying on November 8, 2019.

125.     SANEL PILIPOVIC left surviving him, as his next of kin, his parents and his siblings.

126.     By reason of SANEL PILIPOVIC's death, his next of kin have suffered and been deprived of the society, love, affection, companionship, and support of SANEL PILIPOVIC.

127.     This action and the damages sought by the Plaintiff are authorized by and brought pursuant the Illinois *Wrongful Death Act*, 740 ILCS 180/0.01-180/2.2.

128.     Plaintiff, SANELA KARIC, as Independent Administrator the Estate of SANEL PILIPOVIC, deceased, brings this action for the use and benefit of the next of kin of SANEL PILIPOVIC.

Wherefore, Plaintiff, SANELA KARIC, as Independent Administrator the Estate of SANEL PILIPOVIC, deceased, prays that this Honorable Court enters a judgment against

Defendant, STEPHANIE PAXTON, R.N., for a substantial monetary amount, plus the cost of this lawsuit, and grants such other, further, and different relief as this Court deems equitable and just under the circumstances.

COUNT XIV
*Illinois Survival Claim*
*Stephanie Paxton, RN*

129. Plaintiff incorporates all paragraphs of this Complaint as though fully set forth herein.

130. At all times relevant herein, Defendant, STEPHANIE PAXTON, R.N., owed a duty to inmates, like Decedent, SANEL PILIPOVIC, to act in a reasonably careful manner in providing medical care.

131. Defendant, STEPHANIE PAXTON, R.N., breached that duty in one or more of the following ways:

    a. Failed to offer front loading therapy for SANEL PILIPOVIC's alcohol dependency and his history or risk of withdrawals;
    b. Failed to assess whether SANEL PILIPOVIC was at risk of experiencing severe withdrawals;
    c. Failed to contact a physician regarding SANEL PILIPOVIC's alcohol dependency and history or risk of withdrawals;
    d. Failed to properly assess SANEL PILIPOVIC's alcohol withdrawal symptoms;
    e. Failed to contact a physician regarding SANEL PILIPOVIC's signs and symptoms of alcohol withdrawals; or
    f. Failed to properly monitor SANEL PILIPOVIC's medical conditions, including alcoholism, and risk of withdrawal.

132. As a direct and proximate result, Decedent, SANEL PILIPOVIC's experienced alcohol withdrawal and his symptoms went undiagnosed and untreated, resulting in him becoming nonresponsive on November 7, 2019 and dying on November 8, 2019.

133. As a direct and proximate result, Decedent, SANEL PILIPOVIC, suffered substantial pain and discomfort prior to his death, incurred medical expenses prior to his death,

25

lost a normal life prior to his death, lost wages prior to his death, and experienced disfigurement prior to his death.

134. This action, including the damages sought by the Plaintiff, is authorized by the Illinois Survival Act, 755 ILCS 5/27-6.

Wherefore, Plaintiff, SANELA KARIC, as Independent Administrator the Estate of SANEL PILIPOVIC, deceased, prays that this Honorable Court enters a judgment against the Defendant, STEPHANIE PAXTON, R.N., in a substantial sum, plus the cost of this lawsuit, to fairly and justly compensate the Estate of SANEL PILIPOVIC for the injuries and damages sustained by SANEL PILIPOVIC.

COUNT XV
*Illinois Wrongful Death*
*Elizabeth Haack, R.N.*

135. Plaintiff incorporates all paragraphs of this Complaint as though fully set forth herein.

136. At all times relevant herein, Defendant, ELIZABETH HAACK, R.N., owed a duty to inmates, like Decedent, SANEL PILIPOVIC, to act in a reasonably careful manner in providing medical care.

137. Defendant, ELIZABETH HAACK, R.N., breached that duty in one or more of the following ways:

    a. Failed to offer front loading therapy for SANEL PILIPOVIC's alcohol dependency and his history or risk of withdrawals;
    b. Failed to assess whether SANEL PILIPOVIC was at risk of experiencing severe withdrawals;
    c. Failed to contact a physician regarding SANEL PILIPOVIC's alcohol dependency and history or risk of withdrawals;
    d. Failed to properly assess SANEL PILIPOVIC's alcohol withdrawal symptoms;

26

   e. Failed to contact a physician regarding SANEL PILIPOVIC's
    signs and symptoms of alcohol withdrawals; or
   f. Failed to properly monitor SANEL PILIPOVIC's medical
    conditions, including alcoholism, and risk of withdrawal.

138. As a direct and proximate result, Decedent, SANEL PILIPOVIC, experienced alcohol withdrawal and his symptoms went undiagnosed and untreated, resulting in him becoming nonresponsive on November 7, 2019 and dying on November 8, 2019.

139. SANEL PILIPOVIC left surviving him, as his next of kin, his parents and his siblings.

140. By reason of SANEL PILIPOVIC's death, his next of kin have suffered and been deprived of the society, love, affection, companionship, and support of SANEL PILIPOVIC.

141. This action and the damages sought by the Plaintiff are authorized by and brought pursuant the Illinois *Wrongful Death Act*, 740 ILCS 180/0.01-180/2.2.

142. Plaintiff, SANELA KARIC, as Independent Administrator the Estate of SANEL PILIPOVIC, deceased, brings this action for the use and benefit of the next of kin of SANEL PILIPOVIC.

Wherefore, Plaintiff, SANELA KARIC, as Independent Administrator the Estate of SANEL PILIPOVIC, deceased, prays that this Honorable Court enters a judgment against Defendant, ELIZABETH HAACK, R.N., for a substantial monetary amount, plus the cost of this lawsuit, and grants such other, further, and different relief as this Court deems equitable and just under the circumstances.

## COUNT XVI
*Illinois Survival Claim*
*Elizabeth Haack, R.N.*

143.    Plaintiff incorporates all paragraphs of this Complaint as though fully set forth herein.

144.    At all times relevant herein, Defendant, ELIZABETH HAACK, R.N., owed a duty to inmates, like Decedent, SANEL PILIPOVIC, to act in a reasonably careful manner in providing medical care.

145.    Defendant, ELIZABETH HAACK, R.N., breached that duty in one or more of the following ways:

> a.  Failed to offer front loading therapy for SANEL PILIPOVIC's alcohol dependency and his history or risk of withdrawals;
> b.  Failed to assess whether SANEL PILIPOVIC was at risk of experiencing severe withdrawals;
> c.  Failed to contact a physician regarding SANEL PILIPOVIC's alcohol dependency and history or risk of withdrawals;
> d.  Failed to properly assess SANEL PILIPOVIC's alcohol withdrawal symptoms;
> e.  Failed to contact a physician regarding SANEL PILIPOVIC's signs and symptoms of alcohol withdrawals; or
> f.  Failed to properly monitor SANEL PILIPOVIC's medical conditions, including alcoholism, and risk of withdrawal.

146.    As a direct and proximate result, Decedent, SANEL PILIPOVIC, experienced alcohol withdrawal and his symptoms went undiagnosed and untreated, resulting in him becoming nonresponsive on November 7, 2019 and dying on November 8, 2019.

147.    As a direct and proximate result, Decedent, SANEL PILIPOVIC, suffered substantial pain and discomfort prior to his death, incurred medical expenses prior to his death, lost a normal life prior to his death, lost wages prior to his death, and experienced disfigurement prior to his death.

148.    This action, including the damages sought by the Plaintiff, is authorized by the Illinois Survival Act, 755 ILCS 5/27-6.

Wherefore, Plaintiff, SANELA KARIC, as Independent Administrator the Estate of SANEL PILIPOVIC, deceased, prays that this Honorable Court enters a judgment against the Defendant, ELIZABETH HAACK, R.N., in a substantial sum, plus the cost of this lawsuit, to fairly and justly compensate the Estate of SANEL PILIPOVIC for the injuries and damages sustained by SANEL PILIPOVIC.

<u>COUNT XVII</u>
*Illinois Wrongful Death*
*Rosi Monzon, R.N.*

149.    Plaintiff incorporates all paragraphs of this Complaint as though fully set forth herein.

150.    At all times relevant herein, Defendant, ROSI MONZON, R.N., owed a duty to inmates, like Decedent, SANEL PILIPOVIC, to act in a reasonably careful manner in providing medical care.

151.    Defendant, ROSI MONZON, R.N., breached that duty in one or more of the following ways:

a.    Failed to offer front loading therapy for SANEL PILIPOVIC's alcohol dependency and his history or risk of withdrawals;
b.    Failed to assess whether SANEL PILIPOVIC was at risk of experiencing severe withdrawals;
c.    Failed to contact a physician regarding SANEL PILIPOVIC's alcohol dependency and history or risk of withdrawals;
d.    Failed to properly assess SANEL PILIPOVIC's alcohol withdrawal symptoms;
e.    Failed to contact a physician regarding SANEL PILIPOVIC's signs and symptoms of alcohol withdrawals; or
f.    Failed to properly monitor SANEL PILIPOVIC's medical conditions, including alcoholism, and risk of withdrawal.

152.    As a direct and proximate result, Decedent, SANEL PILIPOVIC, experienced alcohol withdrawal and his symptoms went undiagnosed and untreated, resulting in him becoming nonresponsive on November 7, 2019 and dying on November 8, 2019.

153.    SANEL PILIPOVIC left surviving him, as his next of kin, his parents and his siblings.

154.    By reason of SANEL PILIPOVIC's death, his next of kin have suffered and been deprived of the society, love, affection, companionship, and support of SANEL PILIPOVIC.

155.    This action and the damages sought by the Plaintiff are authorized by and brought pursuant the Illinois *Wrongful Death Act*, 740 ILCS 180/0.01-180/2.2.

156.    Plaintiff, SANELA KARIC, as Independent Administrator the Estate of SANEL PILIPOVIC, deceased, brings this action for the use and benefit of the next of kin of SANEL PILIPOVIC.

Wherefore, Plaintiff, SANELA KARIC, as Independent Administrator the Estate of SANEL PILIPOVIC, deceased, prays that this Honorable Court enters a judgment against Defendant, ROSI MONZON, R.N., for a substantial monetary amount, plus the cost of this lawsuit, and grants such other, further, and different relief as this Court deems equitable and just under the circumstances.

COUNT XVIII
*Illinois Survival Claim*
*Rosi Monzon, R.N.*

157.    Plaintiff incorporates all paragraphs of this Complaint as though fully set forth herein.

158.    At all times relevant herein, Defendant, ROSI MONZON, R.N., owed a duty to inmates, like Decedent, SANEL PILIPOVIC, to act in a reasonably careful manner in providing medical care.

159.    Defendant, ROSI MONZON, R.N., breached that duty in one or more of the following ways:

   a.  Failed to offer front loading therapy for SANEL PILIPOVIC's alcohol dependency and his history or risk of withdrawals;
   b.  Failed to assess whether SANEL PILIPOVIC was at risk of experiencing severe withdrawals;
   c.  Failed to contact a physician regarding SANEL PILIPOVIC's alcohol dependency and history or risk of withdrawals;
   d.  Failed to properly assess SANEL PILIPOVIC's alcohol withdrawal symptoms;
   e.  Failed to contact a physician regarding SANEL PILIPOVIC's signs and symptoms of alcohol withdrawals; or
   f.  Failed to properly monitor SANEL PILIPOVIC's medical conditions, including alcoholism, and risk of withdrawal.

160.    As a direct and proximate result, Decedent, SANEL PILIPOVIC, experienced alcohol withdrawal and his symptoms went undiagnosed and untreated, resulting in him becoming nonresponsive on November 7, 2019 and dying on November 8, 2019.

161.    As a direct and proximate result, Decedent, SANEL PILIPOVIC, suffered substantial pain and discomfort prior to his death, incurred medical expenses prior to his death, lost a normal life prior to his death, lost wages prior to his death, and experienced disfigurement prior to his death.

162.    This action, including the damages sought by the Plaintiff, is authorized by the Illinois Survival Act, 755 ILCS 5/27-6.

Wherefore, Plaintiff, SANELA KARIC, as Independent Administrator the Estate of SANEL PILIPOVIC, deceased, prays that this Honorable Court enters a judgment against the

Defendant, ROSI MONZON, R.N., in a substantial sum, plus the cost of this lawsuit, to fairly

and justly compensate the Estate of SANEL PILIPOVIC for the injuries and damages sustained

by SANEL PILIPOVIC.

> SANELA KARIC, as Independent
> Administrator the Estate of SANEL
> PILIPOVIC, deceased, Plaintiff
>
> /s/ BRIAN K HETZER
> Duncan Law Group, LLC
> Her Attorneys

## JURY DEMAND

Plaintiff, SANELA KARIC, as Independent Administrator the Estate of SANEL

PILIPOVIC, deceased, demands a trial by jury on each and every count of her Second Amended

Complaint.

> SANELA KARIC, as Independent
> Administrator the Estate of SANEL
> PILIPOVIC, deceased, Plaintiff.
>
> /s/ BRIAN K HETZER
> Duncan Law Group, LLC

Robert R. Duncan
Brian K. Hetzer (ARDC: 6292998)
**DUNCAN LAW GROUP, LLC**
161 N. Clark St., Suite 2550
Chicago, Illinois 60601
312-202-3283
bkh@duncanlawgroup.com

32

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**
**ROCK ISLAND DIVISION**

| | |
|---|---|
| SANELA KARIC, as Independent Administrator of the Estate of SANEL PILIPOVIC, deceased | |
| Plaintiff, | |
| v. | No.: 20-cv-4228 |
| GERALD BUSTOS, as Sheriff of Rock Island County, MEND CORRECTIONAL CARE, PLLC, MELISSA FLETCHER, R.N., STEPHANIE PAXTON, R.N., ROSI MONZON, R.N. and ELIZABETH HAACK, R.N. | |
| Defendants. | |

## <u>AFFIDAVIT</u>

Now comes the Affiant, BRIAN K. HETZER, stating the following under oath:

1.      That he is the attorney of record for Plaintiff.

2.      That the money damages sought exceed $50,000.00.

Further Affiant sayeth naught.

Under penalties as provided by law pursuant to 735 ILCS 5/1-109, I certify that the statements set forth herein are true and correct.


DUNCAN LAW GROUP, LLC

/s/ BRIAN K. HETZER
Brian K. Hetzer



Robert R. Duncan
Brian K. Hetzer (ARDC: 6292998)
**DUNCAN LAW GROUP, LLC**
161 N. Clark St., Suite 2550
Chicago, Illinois 60601
312-202-3283
bkh@duncanlawgroup.com

# IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
### ROCK ISLAND DIVISION

SANELA KARIC, as Independent
Administrator of the Estate of
SANEL PILIPOVIC, deceased

        Plaintiff,

    v.                              No.: 20-cv-4228

GERALD BUSTOS, as Sheriff of
Rock Island County, MEND
CORRECTIONAL CARE, PLLC,
MELISSA FLETCHER, R.N.,
STEPHANIE PAXTON, R.N.,
ROSI MONZON, R.N. and
ELIZABETH HAACK, R.N.

        Defendants.

## **AFFIDAVIT**
### 735 ILCS 5/2-622

Brian K.  Hetzer, being first duly sworn, states as follows:

I am an attorney employed by DUNCAN LAW GROUP, LLC, the attorneys for Plaintiff.

I have reviewed the facts of the case with a healthcare professional whom I believe is knowledgeable in the relevant issues in this particular action, practices, or has practiced in the last five years, in the same area of medicine that is at issue in this particular action and is qualified by experience in the subject of this case.

The reviewing healthcare professional has determined in a written report, after a review of the medical record, that there is a reasonable and meritorious cause for the filing of such an action.

Based on my consultation with the healthcare professional, I have also concluded that there is a reasonable and meritorious cause for filing this action.

A copy of the reviewing healthcare professional's report (with information which would identify the reviewing healthcare professional being deleted) is attached to this Affidavit.

Under penalties as provided by law pursuant to 735 ILCS 5/1-109, I certify that the statements set forth herein are true and correct.

                         /s/ BRIAN K. HETZER

Robert R. Duncan
Brian K. Hetzer
DUNCAN LAW GROUP, LLC
161 N. Clark St., Suite 2550
Chicago, Illinois 60601

        RE:    Sanel Pilipovic, deceased

Dear Mr. Hetzer:

I am a doctor with a double-board certification in internal medicine and preventative medicine; I
have over 10 years of experience as a practicing internist; and I am a clinical associate professor
at a university college of medicine. I am familiar with the medicine, care, and treatment relevant
to this matter and I have read and reviewed the following records related to the care in question:

           1) Defendant's Rule 26a Disclosure with attachments;
           2) Medical Records from Unity Point Hospital;
           3) Autopsy Report; and
           4) Death Certificate.

Based upon my education, training and experience, and my review of the aforesaid records, it is
my opinion, based on a reasonable degree of medical certainty, that the care and treatment
provided by MEnD Correctional Care PLLC fell below the standard of care, and as such, there is
a reasonable and meritorious basis for filing an action against MEnD Correctional Care PLLC
and its nurses, Stephanie Paxton, RN, Rosi Monzon, RN, and Elizabeth Haack, RN.

On November 4, 2019, Sanel Pilipovic was a pre-trial detainee at the Rock Island County Jail.
According to the records, the jail's medical clinic was notified that he had a history of alcohol
dependency and withdrawals.

Given that history, the medical staff needed to determine whether Sanel Pilipovic was at risk of
experiencing severe withdrawals, using tools like a Prediction of Alcohol Withdrawal Severity
Scale. MEnD Correctional Care PLLC and its staff either did not complete such a scale or did
not have such a scale, breaching the standard of care. If one would have been completed, Sanel
Pilipovic would have been a high risk of severe alcohol withdrawal syndromes.

For alcohol dependents, like Sanel Pilipovic, there are two common therapies – front loading
therapy and symptom therapy. Given Sanel Pilipovic's history and clinical findings, he was a
candidate for front loading therapy, including the use of benzodiazepine. Yet, that therapy either
was not given to Sanel Pilipovic or was not available to him, breaching the standard of care.

Instead, MEnD Correctional Care PLLC provided symptom therapy, requiring its nursing staff to
consider the patient's history, their clinical assessment, and their observations of the patient and
determine whether a physician need to be contacted. The nurses from MEnD Correctional Care
PLLC, including Stephanie Paxton, RN, Rosi Monzon, RN, and Elizabeth Haack, RN completed
a chemical withdrawal flow sheet and the numerical scoring determined whether a physician
would be contacted. For Sanel Pilipovic, the nurses failed to properly assess and give correct
scores given their documented findings, breaching the standard of care. If they would have

properly assessed Sanel Pilipovic and given correct scoring, then per MEnD Correctional Care PLLC's flow sheet, a physician would have been contacted.

As a result of those deviations from the standard of care, Sanel Pilipovic experienced severe alcohol withdrawal syndrome, which went untreated and became a cause of his untimely death on November 8, 2019. There is a reasonable and meritorious basis for a case against MEnD Correctional Care PLLC and its nurses, Stephanie Paxton, RN, Rosi Monzon, RN, and Elizabeth Haack, RN.